## THIRD DEPARTMENT, MARCH, 1972

### (March 1, 1972)

In the Matter of the Claim of MAX KELLNER, Appellant, v. ELYSEE LINGERIE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 20, 1970, which denied claimant's application to reopen his case. Claimant injured his back in an industrial accident on June 28, 1950, and on May 23, 1958 he received a lump sum nonschedule award of $10,000 pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law based upon a finding of a permanent partial disability. Claimant has, at various times, sought the reopening of his case alleging a change in condition or in the degree of his disability. These requests were based upon C-27 medical reports which fail to show any change in the degree of his disability other than the normal progressive degeneration involved in back injuries of the type suffered by claimant. An impartial specialist who examined claimant in 1968 at the request of the board reported no substantial increase in causally related disability, and found both the subjective symptoms and objective physical findings to be similar to those recorded in the medical records prior to the lump sum settlement. The board found "that claimant does not have a change of condition or in the degree of disability since the closing of the case". Such a change is essential to a valid reopening of the case. (*Matter of Saraceno* v. *Moore McCormack Lines*, 26 A D 2d 969; Workmen's Compensation Law, § 15, subd. 5-b.) The medical evidence supports the board's determination and it may not, therefore, be disturbed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.